UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DRESDEN MICHAEL WILLIAMS,<br><br>Petitioner,<br>v.<br><br>JERRY HOWELL, *et al.*,<br><br>Respondents. | Case No. 2:18-cv-01297-MMD-GWF<br><br>ORDER |

This *pro se* habeas petition comes before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Petitioner's *ex parte* motion for appointment of counsel (ECF No. 3). Following such review, the Court will direct a response and deny Petitioner's motion for appointment of counsel.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, the petition is sufficiently clear in presenting the issues that Petitioner wishes to raise, and

///

the legal issues are not complex. Petitioner has not otherwise established any basis for appointment of counsel. Therefore, counsel is not justified.

It is therefore ordered that Petitioner's *ex parte* motion for appointment of counsel (ECF No. 3) is denied.

It is further ordered that the Clerk informally electronically serve the Nevada Attorney General with a copy of the petition and this order and add Nevada Attorney General Adam P. Laxalt as attorney for the Respondents.

It further is ordered that Respondents shall file a response to the petition, including potentially by motion to dismiss, within sixty (60) days of the date of entry of this order and that Petitioner may file a reply thereto within thirty (30) days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally send a hard copy of all exhibits filed for this case to the Reno Clerk's Office.

DATED THIS 19th day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE