UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DRESDEN MICHAEL WILLIAMS, | Case No. 2:18-cv-01297-MMD-EJY |
| Petitioner, | ORDER |
| v. | |
| JERRY HOWELL, *et al.*, | |
| Respondents. | |

## I. SUMMARY

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Dresden Michael Williams, a Nevada prisoner who is proceeding *pro se*. Currently before the Court is Respondents' Motion to Dismiss ("Motion") (ECF No. 10). Williams has opposed (ECF No. 27), and Respondents have replied (ECF No. 31). Also before the Court is Williams' Motion for Stay to Return to State Court ("Stay Motion") (ECF No. 28). Respondents have opposed (ECF No. 32). No reply brief was filed and the deadline for doing so has expired. For the reasons discussed below, Respondents' Motion is granted and Williams' Stay Motion is denied.

## II. BACKGROUND[1]

Williams challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada. In January 2008, a grand jury returned an initial indictment against Williams (ECF No. 3). A second superseding indictment, subsequently amended, charged Williams with 20 counts, including charges for conspiracy to commit murder (one count), attempted murder with use of a deadly weapon (seven counts), and

///

---

[1]This procedural history is derived from the exhibits located at ECF Nos. 12–22 on the Court's docket.

battery with use of a deadly weapon resulting in substantial bodily harm (six counts).[2] (ECF Nos. 15-8, 15-36.) Following an eight-day trial, a jury found Williams guilty of conspiracy to commit murder and seven counts of attempted murder with use of a deadly weapon. (ECF No. 17-15.) In September 2009, the state district court entered a judgment of conviction on the eight counts and dismissed the battery counts as lesser included charges. (ECF No. 17-19.)

Williams filed a direct appeal. On November 15, 2010, the Nevada Supreme Court affirmed the conviction, and a remittitur issued. (ECF Nos. 18-35, 18-36.)

On April 20, 2015, Williams filed a *pro se* state petition for writ of habeas corpus seeking post-conviction relief. (ECF No. 19-16.) After counsel was appointed, Williams filed supplemental points and authorities in support of the state petition. (ECF No. 19-31.) The state court held an evidentiary hearing, and entered an order denying the state petition in August 2016. (ECF Nos. 20-2, 20-5.) The state court found that the state petition and supplement were "untimely without a showing of good cause," and Williams had "not demonstrated a claim of actual innocence to overcome the procedural bar." (ECF No. 20-5 at 5.)

Williams filed a state habeas appeal. The Nevada Court of Appeals affirmed the denial of relief. (ECF No. 22-4.) Remittitur issued on April 19, 2017. (ECF No. 22-5.)

On July 16, 2018, Williams initiated this federal habeas proceeding *pro se*. (ECF No. 1.)

Respondents now move to dismiss the petition as untimely, or in the alternative, procedurally defaulted.

///

///

---

[2]The second superseding indictment also included charges of conspiracy to violate the controlled substance act, trafficking in a controlled substance, conspiracy to commit a crime, possession of a stolen vehicle, conspiracy to commit robbery, and robbery. (ECF No. 15-8.) The state court severed these counts. (ECF No. 21-1 at 85–86.) Following the trial, Williams pleaded guilty to one count of conspiracy to commit a crime, which resolved the remaining charges. (ECF Nos. 18-40, 19-1.) He did not appeal. His federal petition does not address the conviction for conspiracy to commit a crime.

2

## III. WILLIAMS' PETITION IS UNTIMELY

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for federal habeas petitions filed by state prisoners under 28 U.S.C. § 2254. The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which a petitioner's state court conviction became final, either by the conclusion of direct appellate review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For prisoners convicted in Nevada, a petition for certiorari to the United States Supreme Court must be filed within 90 days after the Nevada Supreme Court or Court of Appeals enters judgment or the Nevada Supreme Court denies discretionary review. Sup. Ct. R. 13; *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008) (citing *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999)).

### B. Timeliness under § 2244(d)(1)(A)

Here, the Nevada Supreme Court issued an order of affirmance on direct appeal on November 15, 2010. (ECF No. 18-35.) Thus, the time for Williams to file a petition for certiorari expired on February 13, 2011. The AEDPA limitation period began running the following day. Absent any tolling or delayed accrual, the limitation period would have expired one year later on February 14, 2012. Williams' federal petition was filed over six years later in July 2018.[3] The petition is, therefore, time-barred, unless tolling applies. Williams essentially concedes that the one-year limitation period expired long before he filed his federal petition in July 2018. He argues, however, that the Court should excuse his failure to file within the one-year period because he is actually innocent.

///

///

---

[3] Williams' state petition did not toll AEDPA's statute of limitation pursuant to 28 U.S.C. § 2244(d)(2) because the petition was untimely under NRS § 34.726(1), which requires such petitions to be filed within one year of the date of the remittitur. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412–16 (2005) (a state petition that violates the state statute of limitations is not "properly filed" for the purposes of § 2244(d)(2)). The remittitur from Williams' direct appeal was entered in December 2010. (ECF No. 18-36.) He filed the state petition in April 2015, more than three years after the limitation period expired.

3

### C. Williams Fails to Show Actual Innocence

AEDPA's one-year limitation period is subject to equitable exceptions "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). To be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits." *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (quoting *Schlup*, 513 U.S. at 316). A petitioner may also demonstrate actual innocence by showing that, in light of subsequent case law, he cannot, as a legal matter, have committed the crime based on the facts under which he was convicted. *Bousley v. United States*, 523 U.S. 614, 616 (1998); *Vosgien v. Persson*, 742 F.3d 1131, 1135 (9th Cir. 2014). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

When conducting a *Schlup* gateway review, a court "must 'assess how reasonable jurors would react to the overall, newly supplemented record,' including all the evidence the petitioner now proffers." *Stewart*, 757 F.3d at 938 (quoting *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (en banc)). The court's "function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of

the evidence on reasonable jurors." *Id.* (quoting *House*, 547 U.S. at 538). In addition, the timing of the petition is a factor bearing on the "probable reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S. at 332; *McQuiggin*, 569 U.S. at 400. "Delay is relevant if it is 'unexplained' or 'unjustified'." *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013) (quoting *McQuiggin*, 569 U.S. at 399 (internal alterations and brackets omitted)).

Williams contends that Respondents' argument regarding timeliness is "moot" because he is actually innocent. (ECF No. 27 at 4.) Williams argued in his state petition and habeas appeal that the State's theory and facts proven at trial do not support a conviction. According to Williams, prosecutors told the jury there were two shooters and two guns, and his two co-defendants admitted to their roles as shooters. Because one co-defendant made an admission at trial and another co-defendant pleaded guilty, Williams claims he could not be one of the two shooters and is actually innocent. Thus, the jury should have acquitted him.

Respondents, however, argue that Williams does not accurately portray the state court record. First, they argue that co-defendant Nicco Tatum pleaded guilty but never admitted to being a shooter. (ECF No. 21-1 at 300.) Additionally, a witness identified Williams as one of the shooters (ECF No. 16-36 at 13), and another believed there were more than two shooters (ECF No. 21-1 at 297). For these reasons, Respondents assert that Williams cannot show that no reasonable juror could have found him guilty beyond a reasonable doubt, and his actual innocence claim fails.[4]

Here, Williams has failed to present new, reliable evidence showing that it is more

///

---

[4]To the extent Williams attempts to bring a stand-alone claim of actual innocence, Respondents assert that such claim is not cognizable on federal habeas review. (ECF No. 31 at 3–4.) This correctly describe the current state of federal habeas jurisprudence. *McQuiggin*, 569 U.S. at 392 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Gimenez v. Ochoa*, 821 F.3d 1136, 1143 (9th Cir. 2016) (noting that the "Supreme Court has never recognized 'actual innocence' as a constitutional error that would provide grounds for relief without an independent constitutional violation") (citing *Schlup*, 513 U.S. at 315–16; *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

likely than not that no reasonable juror would have convicted him, as required to pass through the *Schlup* gateway. In fact, Williams has presented no evidence in this case—only argument, some of which was rejected by the state court after an evidentiary hearing. (*See* ECF No. 20-5.) The record indicates that the defense was aware of the guilty plea and admission either before trial or during trial. (ECF No. 21-1 at 298–300.) Trial counsel testified during the evidentiary hearing that he addressed this evidence at trial. (*Id.*) Counsel also testified that, given the multiple theories of criminal liability, the defense understood such evidence did not preclude Williams' conviction if the jury concluded that Williams acted as part of a conspiracy, aided, abetted, or encouraged his co-defendants. (*Id.*) The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Nothing in the record suggests that Williams *could not* have committed the crimes for which he was convicted. Additionally, he provides no explanation for the delay in filing his federal petition.

For these reasons, the Court finds that Williams has not met his burden of demonstrating that any of his theories constitutes reliable new evidence such that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Thus, his federal petition is dismissed as time-barred and his Stay Motion is denied.

**IV.     CERTIFICATE OF APPEALABILITY**

"State prisoners 'seeking post-conviction relief under 28 U.S.C. § 2254 ha[ve] no automatic right to appeal a district court's denial or dismissal of the petition.'" *Payton v. Davis*, 906 F.3d 812, 817 (9th Cir. 2018) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). "Rather, habeas petitioners 'must first seek and obtain a COA,'" *i.e.*, certificate of appealability. *Payton*, 906 F.3d at 817 (quoting *Miller-El*, 537 U.S. at 327); *see also* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). District courts are required to issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Fed. § 2254 R. 11(a); 9th Cir. R. 22-1(a).

Generally, a petitioner must make "a substantial showing of the denial of a

constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Where a district court denies relief on procedural grounds without reaching the underlying constitutional claim, courts apply a two-step inquiry to decide whether a certificate of appealability is appropriate. *Payton*, 906 F.3d at 820. A petitioner must show both that jurists of reason would find it debatable (1) "whether the petition states a valid claim of the denial of a constitutional right," and (2) "whether the district court was correct in its procedural ruling." *Gonzalez*, 565 U.S. at 140–41 (quoting *Slack*, 529 U.S. at 484); *Payton*, 906 F.3d at 820 ("Both components must be met before [the Ninth Circuit] may entertain the appeal.") (citing *Slack*, 529 U.S. at 484–85). To meet this threshold inquiry, a petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *See Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006).

The Court has considered whether the issues Williams raised satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. No reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court will therefore deny Williams a certificate of appealability.

**V. CONCLUSION**

In accordance with the foregoing, it is therefore ordered that Respondents' Motion to Dismiss (ECF No. 10) is granted. Williams' Petition (ECF No. 1) is dismissed with prejudice as time-barred.

It further is ordered that Williams' Motion for Stay (ECF No. 28) is denied.

It further is ordered that a certificate of appealability is denied, as reasonable jurists would not find the district court's dismissal of the federal petition as untimely to be debatable or wrong, for the reasons discussed herein.

///

///

///

The Clerk of Court is instructed to enter final judgment accordingly, in favor of Respondents and against Williams, dismissing this action with prejudice and close this case.

DATED THIS 12th day of September 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE